Case 2:15-cr-00946 Document 48 Filed on 04/19/21 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
April 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-946 |
| | § | |
| JAMES ROBERT KIRKLAND | § | |

# **ORDER**

Pending before the Court is Defendant James Robert Kirkland's letter motion to amend the judgment. D.E. 47. Defendant has submitted evidence that he/she legally changed his/her name to Jaymee Renee Kirkland, effective February 25, 2021. *Id*, p. 2. He/she now moves the Court to amend the judgment to reflect his/her new legal name and to forward the amended judgment to the Bureau of Prisons (BOP) so that the BOP may change his/her name in its SENTRY inmate management system.

According to the BOP Correctional Systems Manual, "The name entered on the J&C [Judgment and Commitment] is considered the committed name to be used by the inmate, as well as the Bureau. SENTRY must reflect the committed name, which may only be changed by an order from the Federal sentencing court." BOP Program Statement 5800.15, Correctional Systems Manual § 402(d) (Jan. 1, 2009), *available at* https://www.bop.gov/policy/progstat/5800_015.pdf. Despite the BOP's statement that a district court may change an inmate's name on his/her judgment, the Fifth Circuit recently held that an inmate's "request to change the name on his judgment was an unauthorized motion that the district court lacked jurisdiction to entertain" because it did

"not fall into any of the recognized categories of postconviction motions." *United States v. Varner*, 948 F.3d 250, 254 (5th Cir. 2020). Specifically:

> The request did not implicate Rule 35 because it was neither made 'within 14 days after sentencing,' nor was it made by the government. . . . Nor did the request implicate Rule 36 because it did not seek correction of a 'clerical error in the judgment.' . . . Nor was [the] request authorized under 18 U.S.C. § 3582(c)(2) because it was not based upon an amendment to the Sentencing Guidelines. Additionally, the district court could not construe the request as a motion arising under 18 U.S.C. § 3742, which applies only to direct appeals. . . . Finally, the request did not arise under 28 U.S.C. § 2255 because Varner did not challenge the validity of his conviction or sentence.

*Id.* (internal citations and alterations omitted).

Under *Varner*, this Court is without jurisdiction to grant Defendant's letter motion to amend the judgment to reflect his/her legal name change. Accordingly, the motion (D.E. 47) is **DENIED**.

ORDERED this 19th day of April, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE